John David ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 39418.

Court of Criminal Appeals of Texas.

March 16, 1966.

Rehearing Denied May 4, 1966.

 

Charles W. Gill (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

The indictment alleged the theft of a motor vehicle, to-wit a truck and lumber of the value of over fifty dollars from Robert Ziegler. A prior conviction for felony theft in 1953 and a 1959 conviction for a burglary committed in 1959 were alleged and proved.

The evidence introduced by the state shows that a 1963 two-ton Chevrolet truck owned by Donaldson Lumber Company, of the value of $2,000, had been loaded with lumber of the value of $250.00 on Saturday.

The load of lumber was to go out to customers on Monday.

On Sunday, about 1:40 A.M., Police Officers Donald C. Dudley and T. R. Rose responded to a police broadcast that something had happened at the Donaldson Lumber Yard. When they arrived they found the gate broken and lying on the ground, and tracks indicating that a dual wheel truck had run through it.

The officers soon located the truck which was being driven by the appellant who failed to stop when called upon to pull over to the curb and the truck ran into a light pole.

The officers took appellant and the truck back to the Donaldson Lumber Company where it and the load of lumber were identified by Robert Ziegler, the manager of the company, as the truck and lumber belonging to Donaldson Lumber Company.

Mr. Ziegler testified that he had the care, custody and control of the truck and lumber as well as the building and all items located within the Lumber Yard, and that the truck and lumber were taken from the yard without his consent.

Identification of the truck posed no difficulty because of the license plate numbers and the name of the Donaldson Lumber Company painted on the side of the white truck.

Against the advice of his counsel, appellant testified as a witness in his own behalf. His testimony was to the effect that he had had "blackouts and some mental trouble" since he was fourteen years old and that he did not recall having taken the truck or being arrested.

He testified on his direct examination that the Harris County psychiatrist came over and talked to him about ten minutes one day and that he reported to a doctor that he often had blackouts and was given some pills.

On cross-examination he testified that Dr. Sher, the Harris County psychiatrist,

examined him and he told Dr. Sher all about his trouble and about blackouts and about his illness.

In rebuttal, the state called Dr. Sher, whose qualifications as an expert in all fields in which he might be called upon to testify were stipulated. Dr. Sher testified that he examined appellant for about an hour, noted all pertinent medical history that appellant gave him; that if appellant had mentioned blackout spells he would have recorded it and that he had no record or recollection that appellant mentioned having suffered a blackout on the day the truck and lumber were stolen.

Dr. Sher also testified that there was no evidence from the examination or history given him by appellant that he did not know the nature and quality of his act or the consequences and "There was no evidence of any defect of reasoning and there was no evidence of any kind of psychotic reaction," and that he did not elicit any evidence at all of any blackouts of any kind.

Appellant's counsel on appeal raises the contention that the testimony elicited from Dr. Sher in rebuttal violated the rule that the state cannot avail itself of the silence of the accused after arrest as evidence of his guilt or as destructive of the explanation of his conduct.

Counsel directs attention to the following questions and answers of Dr. Sher on direct examination:

"Q. Where did you see him?

"A. Here in the County Jail.

"Q. Did you have occasion to interview and examine this defendant?

"A. Yes, Sir, I did.

"Q. Any time during this interview you had with this defendant did he make any mention to you of having a history from the time he was approximately 14 or 15 years of age of having blackouts, where he would black out and not remember what happened for a period of time?

"A. No, sir, I have no record of that."

Appellant had testified on his direct examination that he had been examined by the Harris County psychiatrist (Dr. Sher) and his counsel asked him if he advised Dr. Sher that he had blackouts often.

The record further reveals that no objection was made to any testimony of Dr. Sher.

The claim of error is overruled.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.